J. JELLESMA, *Appellant,* v. TAMPA BETTER MILK PRODUCERS CO-OPERATIVE, etc., *Appellee.*

147. SO. 463.

Opinion filed March 23, 1933.

Re-hearing denied April 24, 1933.

*H. D. Wentworth, Sempreviva & D'Arpa* and *Hampton, Bull & Crom* for Appellant;

*Marcus F. Brown, Harry N. Sandler* and *Geo. P. Raney* for Appellee.

BUFORD, J.—In this suit the validity of Chapter 9300, Acts of 1923, as amended by Chapter 14675, Acts of 1931, is attacked as unconstitutional. It is also contended that Section 7519 R. G. S., 7944 C. G. L., is unconstitutional because of the provision thereof which eliminates from operation of that statute agricultural or horticultural non-profit co-operative associations. It is not necessary for us to determine the question of validity of the last mentioned Act in this suit because if that Act is constitutional the association here under consideration is thereby immune from anti-trust law, and, if it is not constitutional, then there is no valid statute statutory provision regulating trusts or combinations in restraint of trade. The common law against trusts in restraint of trade would apply unless abrogated by statute and the provisions of the statutes here under consideration, Chapter 14675, Acts of 1931, constitutes the abrogation.

The Appellee is a co-operative marketing association organized pursuant to provisions of Chapter 14675, Acts of 1931. The appellant, who is a member of the association, had entered into a contract with the association, as was authorized by its by-laws, and thereafter it is alleged violated that contract. . Appellee filed suit to enjoin the Appellant from committing acts in violation of the contract. Temporary injunction was granted and Appellant appealed.

The subject here under consideration was fully covered by this Court in the opinion and judgment in the case of Lee

v. Clearwater Growers Association, 93 Fla. 214, 111 Sou. 722.

The Federal Constitutional questions attempted to be raised in this case have been settled adversely to the contention of the Appellant in the case of Liberty Warehouse Co. v. Burley Tob. Growers Co-operative Marketing Association, 72 Law Ed. 71.

We can see no good reason for adding words which could convey no clearer meaning than what has been said in the two cases above referred to. Therefore, on authority of the opinions and judgments in those cases and authorities there cited, the order appealed from should be affirmed.

It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.